# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **MELISSA MITCHELL, JENNIFER FRIETSCH AND SCOTT OROS,** individually and on behalf of all others similarly situated, | : : : : |
| Plaintiffs, | : **Case No. C-2-04-306** : : |
| v. | : **Judge Sargus** : |
| **ABERCROMBIE & FITCH, CO., AND ABERCROMBIE & FITCH STORES, INC.** | : **Magistrate Judge King** : : |
| Defendants. | : : |

## SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiffs Melissa Mitchell, Jennifer Frietsch, and Scott Oros, former employees at retail stores owned and operated by Abercrombie & Fitch Co. and/or Abercrombie & Fitch Stores, Inc. (collectively "A&F"), bring this complaint on their own behalf, and on behalf of all those similarly situated, challenging A&F's unlawful business practice of classifying employees labeled as "managers," "assistant managers" and "managers-in-training" as exempt under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count I), and, the Ohio Minimum Fair Wage Standards Act ("Ohio Act"), Ohio Rev. Code § 4111.01, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*, and all substantially similar state laws governing overtime compensation. (The state laws are referred to hereinafter collectively as the "State Wage Acts.").

2. A&F has employed, nationwide, thousands of people in so-called store management positions in hundreds of stores during the past three years. Although A&F designated them as exempt,

these employees spent nearly all of their work time selling merchandise, and organizing stock and inventory. Despite the fact that these so-called management employees are non-exempt, A&F has not paid them proper overtime compensation for the hours worked in excess of forty hours per week, as required by the FLSA and the State Wage Acts.

3. Accordingly, Plaintiffs seek relief on a collective and class-wide basis, including unpaid overtime compensation, liquidated damages, disgorgement and restitution, and attorneys' fees and costs. Plaintiffs and the Class also seek to enjoin A&F from continuing to engage in wrongfully classifying and treating these so-called management employees as exempt under the FLSA and state laws.

## PARTIES

4. Plaintiff, Melissa Mitchell, resides in Hamilton County, Ohio. She worked for A&F from January 6, 2002 to December 21, 2002, initially as a manager-in-training and subsequently as an assistant manager.

5. Plaintiff, Jennifer Frietsch, resides in Clermont County, Ohio. She worked for A&F from October 7, 2001 to December 22, 2002, initially as a manager-in-training, and subsequently as an assistant manager.

6. Plaintiff, Scott Oros, resides in Westlawn, Pennsylvania. He worked for A&F from January 1, 2003 to early October 2003, initially as a manager-in-training, then as an assistant manager, and eventually as a store manager in late June 2003 where he remained until his resignation.

7. Defendant, Abercrombie & Fitch, Co. is a Delaware corporation with its headquarters and principal place of business in Franklin County, Ohio, which is within this District. The Company is a

specialty retailer of sportswear and casual apparel for men, women and children, and maintains over 600 stores located throughout Ohio and across the United States, including without limitation Abercrombie & Fitch, Abercrombie, and Hollister stores.

8. Defendant, Abercrombie & Fitch Stores, Inc., is an Ohio corporation with its headquarters and principal place of business in Franklin County, Ohio, which is within this District. The Company is a specialty retailer of sportswear and casual apparel for men, women and children, and maintains over 600 stores located throughout Ohio and across the United States, including without limitation Abercrombie & Fitch, Abercrombie, and Hollister stores.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337, relating to "any civil action arising under any Act of Congress regulating commerce."

10. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as A&F is headquartered and principally located within this District, and the vast majority of all of the acts giving rise to the claims alleged herein occurred within this District.

11. At all times relevant hereto, A&F maintained offices and retail outlets in this District and throughout Ohio, and therefore transacted regular acts of business in and around this District.

12. Further, the Defendant resides in and is subject to personal jurisdiction in this District and division also by virtue of having retail stores within this District.

3

13. The claims brought by Plaintiffs under the FLSA and the State Wage Acts arise from the same nucleus of operative facts, and are substantially related to each other and form the same case or controversy.

## CLASS ALLEGATIONS

### Collective Action Under 29 U.S.C. §216(b)

14. Plaintiffs bring this action on their own behalf and on behalf of all other employees similarly situated ("Class members" or "Class")(defined in paragraph 16 below) pursuant to 29 U.S.C. §216(b), as a nationwide, "opt-in" collective action.

15. The FLSA expressly authorizes claims "in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b)

16. The Class in this action is defined as:

All individuals currently or formerly employed in a position labeled as managerial at a retail store owned and operated by Abercrombie & Fitch Co., including any of its divisions or subsidiaries, who within three (3) years preceding the filing of this lawsuit worked but were not properly compensated for overtime work.

17. The Plaintiffs, Melissa Mitchell, Jennifer Frietsch, and Scott Oros join in the FLSA claims pursuant to Federal Rule of Civil Procedure 20, as their claims and the claims of those they represent arise out of the same transaction or series of transactions (*i.e.*, A&F's willful refusal to pay overtime to its nonexempt employees) and at least one question of law or fact is common to all these persons (*i.e.*, whether A&F's policies and practices violated the FLSA).

4

18. As evidenced by the previously submitted signed consents and their participation in the litigation to date, Plaintiffs consent of their own accord to be party Plaintiffs herein, and thereby represent all Class members similarly situated.

**Class Action Under The Federal Rules Of Civil Procedure**

19. Plaintiffs also bring this action on their own behalf and on behalf of all other employees similarly situated under the State Wage Acts as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a "Subclass" (defined in paragraph 21 below) of the Class.

20. The FLSA does not bar the application of Rule 23 to a separate cause of action in the same complaint. Accordingly, Count II alleges violations of the State Wage Acts and is brought on behalf of the Subclass (defined in paragraph 21 below).

21. The Subclass consists of all members of the Class who reside in the following states: Ohio, Pennsylvania, Alaska, Arkansas, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Indiana, Iowa, Maine, Maryland, Massachusetts, Minnesota, Montana, New Jersey, New Mexico, New York, North Dakota, Oregon, Rhode Island, Washington, West Virginia, and Wisconsin.

22. The Class numbers in the thousands and, therefore, is so numerous that joinder of all members is impracticable.

23. Plaintiffs' claims are typical of the claims of the Class because all such claims arise from A&F's failure to pay proper overtime compensation to its so-called store management employees.

5

24. There are questions of law and fact common to the Class which arise out of A&F's failure to pay proper overtime compensation to Plaintiffs and the Class and which will be similarly decided under the State Wage Acts. Though their state law claims are brought under different state laws, Plaintiffs will demonstrate to the Court that the State Wage Acts are substantially similar.

25. Common questions of law and fact predominate over any questions effecting only individual Class members, including without limitation, A&F's failure to pay overtime compensation to Plaintiffs and the Class, and the relief to which they are entitled.

26. Plaintiffs will fairly and adequately protect the interests of the Class, and have retained counsel experienced and competent in the prosecution of class actions and employment litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Given the relatively small size of the individual Class members' claims, many of the Class members may not be able to afford to seek legal redress individually for the wrongs A&F committed against them.

29. A class action will cause an orderly and expeditious administration of claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured.

30. The liability issues between the Plaintiffs and the Class, on one hand, and the A&F, on the other hand, are identical and should be resolved in one action, thus warranting class certification.

31. While the amount of damages may be different for each Plaintiff and Class member, the formula for calculating damages is the same for each.

## FACTUAL BACKGROUND

### Plaintiffs And Class Members Were Not Management Employees Under The FLSA Or The Ohio Act

32. A&F store managers, assistant managers, and managers-in-training basically shared the same job responsibilities.

33. Although Plaintiffs and the Class were given titles with the word "manager" in them, Plaintiffs' job duties were neither executive, administrative, professional nor managerial.

34. So-called store management employees performed essentially the same work as sales associates, devoting at least 90 percent of their work to sales, arranging stock, presenting merchandise, interacting with customers, working the cash register, and other clerical and routine tasks.

35. Their job while employed with A&F included opening and closing the store, stocking, maintaining, selling and accounting for merchandise and inventory, maintaining a clean, neat and customer friendly environment, working the cash register, recruiting and training new employees, processing payroll, reporting to district management, and interacting with customers.

36. The primary responsibility of Plaintiffs and Class members was not to manage the store in which they worked, or to perform office or non-manual work directly related to management policies or general business operations of A&F. Rather, all management and business decisions were made and directed by A&F. For example, Plaintiffs and the Class neither had the authority to decide how many employee hours would be allocated to their store, nor to make discretionary or executive decisions regarding merchandising and store layout, and inventory. Those were included among the duties and responsibilities reserved for corporate decision making.

37. Although Plaintiffs and the Class were titled as exempt employees, their fixed salaries were reduced (docked) proportionately (by the calculated hourly weekly rate of pay) whenever Plaintiffs did not work at least 40 hours a week.

38. The duties performed by the Plaintiffs and Class members while employed by A&F demonstrate that the Plaintiffs and Class members were non-exempt employees under the FLSA and State Wage Acts and therefore should have been paid overtime compensation as calculated under the FLSA and State Wage Acts.

### Abercrombie & Fitch Required Its Employees To Work Overtime Without Proper Compensation

39. Generally, and at all times during the Class period, there was one store manager and four or five assistant managers working at each A&F store, and a high degree of turnover among employees in each of these categories.

40. A&F required its store "managers," "assistant managers" and "managers-in-training," including Plaintiffs and the Class, to work well over 40 hours per week.

41. Plaintiffs and the Class were paid the same salary regardless of the number of overtime hours they worked during a particular week.

42. A&F never paid Plaintiffs and the Class the required compensation of one and one-half times their hourly rate for any hours over 40 worked during any work week.

43. Notwithstanding the management labels affixed by Defendant onto Plaintiffs and the Class, Defendant in fact paid what it termed an hourly Supplemental Pay rate to assistant managers and managers-in-training. This pay for overtime hours worked was calculated by dividing their weekly base salary by 40

8

and then by 2, to arrive at an hourly rate to be paid for each hour worked in excess of 40 each week. This rate amounted to about half of each assistant manager's rate for each hour of overtime worked, as opposed to the time and a half rate required to be paid by federal and state law.

44. On the other hand, Defendant paid no overtime compensation to those labeled as store managers for time worked in excess of 40 hours during a given work week.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

45. Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 of this Complaint as though the same were set forth expressly herein.

46. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et. seq.*, is designed to regulate commerce among the several States and with foreign nations.

47. A&F, a specialty retailer, owns and operates over 600 stores in the United States for the purposes of selling goods to the public, and is therefore engaged in commerce as defined under the FLSA. 29 U.S.C. §203 (b).

48. Further, under the FLSA, A&F is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §201, *et. seq.*

49. A&F is also an employer under the FLSA. As an employer, A&F employed thousands of people, including Plaintiffs and all Class members, to work in its retail stores, sell goods and products to consumers, and thereby engage in interstate commerce.

50. Therefore, as an employer engaged in commerce, A&F is subject to the requirements of the FLSA.

9

51. The FLSA provides time and pay requirements for employees engaged in interstate commerce. 29 U.S.C. § 207(a).

52. Under the FLSA: "no employer shall employ any of his employees who in any workweek is engaged in commerce ... for a workweek longer than forty hours unless, such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

53. For the reasons alleged above, none of the exemptions to the minimum wage and maximum hour requirements provided for by the FLSA apply to the claims of Plaintiffs and the Class.

54. As set forth above, A&F did not pay Plaintiffs and the Class overtime in accordance with the FLSA.

55. As a condition of their continued employment with A&F, Plaintiffs and the Class were and are forced to work well over 40 hours each week, without receiving proper overtime compensation.

56. A&F's violation of the overtime pay requirements set forth in the FLSA was systematic, voluntary and willful.

57. A&F owes Plaintiffs and all Class members required overtime pay for work performed but not paid by A&F in an amount to be determined, plus liquidated damages in an equal amount, appropriate equitable relief, and all other relief deemed appropriate.

10

## COUNT II: VIOLATION OF STATE WAGE ACTS

58. Plaintiffs incorporate the allegations contained in paragraphs 1 through 57 of this Complaint as though the same were set forth expressly herein.

59. Plaintiffs bring their state law claims on behalf of themselves and similarly situated Class members. Each individual's state law claims shall be deemed brought under the laws of the state in which the individual worked or works for A&F.

60. Under the State Wage Acts, employers are required to pay employees for overtime at a rate of one and one-half times the employee's wage rate for hours worked in excess of 40. Ohio Rev. Code § 4111.01, *et seq.* (Ohio Wage Act); 43 P.S. § 333.101, *et seq.* (Pennsylvania Minimum Wage Act); A.S. § 23.10.050, *et seq.* (Alaska Wage and Hour Act); A.C.A. § 11-4-201, *et seq.* (Arkansas Minimum Wage Act); C.R.S. § 8-3-101, *et seq.* (Colorado Minimum Wage Act); C.G.S.A. § 31-68, *et seq.* (Connecticut Minimum Wage Act); D.C. Stat. § 32-1001, *et seq.* (District of Columbia Wage and Hour Law); HI St. § 387-1, *et seq.* (Hawaii Wage and Hour Law); 820 ILCS § 105/1, *et seq.* (Illinois Minimum Wage Act); I.C. § 22-2-2-1 (Indiana Minimum Wage Law); I.C.A. 91A.1, *et seq.* (Iowa Wage Payment Collection Law); 26 M.R.S.A. § 661, *et seq.* (Maine Minimum Wage Law); Md. Code, Labor and Employment, § 3-401, *et seq.* (Maryland Wage and Hour Law); M.G.L.A. 151 § 1 (Massachusetts Minimum Fair Wage and Overtime Law); M.S.A. § 177.21, *et seq.* (Minnesota Fair Labor Standards Act); M.C.A. § 39-3-401, *et seq.* (Montana Minimum Wage and Maximum Hour Act); N.S.J.S. § 34:11-56A-11, *et seq.* (New Jersey Wage and Hour Law); N.M.S.A. 1978 § 50-4-20, *et seq.* (New Mexico Minimum Wage Act); N.Y. Labor Law § 160, *et seq.* and 12 NYCRR 142-2.2 (New York Labor Law);

11

N.D.C.C. § 34-06-01, *et seq.* (North Dakota Minimum Wage and Hour Law); O.R.S. § 653.010, *et seq.*(Oregon Minimum Wage Law); R.I. Gen. Laws § 28-12-1, *et seq.* (Rhode Island Minimum Wage Act); R.C.W.A. § 49.46.005, *et seq.* (Washington Minimum Wage Act); W.Va. Code § 21-5C-1, *et seq.* (West Virginia Minimum Wage and Maximum Hours Standards Act); W.S.A. § 103.001, *et seq.* (Wisconsin Minimum Wage Law).

61. For the reasons alleged above, none of the exemptions to the minimum wage and maximum hour requirements provided for State Wage Acts apply to the claims of Plaintiffs and the Class.

62. As a condition of their continued employment with A&F, Plaintiffs and the Class were and are forced to work more than 40 hours each week, without receiving proper overtime compensation.

63. A&F's violation of the overtime pay requirements set forth in the State Wage Acts was systematic, voluntary and willful.

64. A&F owes Plaintiffs and all Class members required overtime pay for work performed but not paid by A&F in an amount to be determined, plus liquidated damages in an equal amount, appropriate equitable relief, and all other relief deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Melissa Mitchell, Jennifer Frietsch, and Scott Oros, on behalf of themselves and all others similarly situated, respectfully request judgment against Defendant A&F as follows:

a. This action be certified as a collective action pursuant to the FLSA and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

12

b. A&F be enjoined from requiring employees, like Plaintiffs and the Class, to work in excess of 40 hours per week without receiving overtime compensation in an amount equal to one and one-half times their equivalent hourly rate, and failing to make, keep and preserve records required by the FLSA and State Wage Acts.

c. Judgment be entered against A&F, in the amounts due to Plaintiffs and the Class for overtime compensation, and an equal additional amount as liquidated damages, treble damages, punitive damages, and exemplary damages, along with prejudgment interest and as provided by law;

d. A&F be required to pay to Plaintiffs and the Class restitution, disgorgement and other appropriate equitable relief; and

e. The amount to Plaintiffs and the Class of the costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 17, 2005

Respectfully Submitted,

s/ James F. Keller
James F. Keller (0059295)
Zachary Gottesman (0058675)
GOTTESMAN & ASSOCIATES
2121 URS Center
36 E. 7th Street
Cincinnati, OH 45202
Telephone:   513/651-2121
Facsimile:   513/651-2131

Bryan L. Clobes
MILLER FAUCHER AND CAFFERTY, LLP
One Logan Square, Suite 1700

18th & Cherry Streets
Philadelphia, PA 19103
Telephone: 215/864-2800
Facsimile: 215/864-2810

Anthony F. Fata
MILLER FAUCHER AND CAFFERTY, LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: 312/782-4880
Facsimile: 312/782-4485

Elmer Goldman (0026940)
6659 Villager Place
Mason, Ohio 45054
Telephone: 513/398-6786

John W. Ferron
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
Telephone: 614/ 228-5225
Facsimile: 614/ 228-3255

Thomas M. Tyack
TYACK, BLACKMORE & LISTON CO., LPA
536 South High Street
Columbus, Ohio 43215
Telephone: 215/864-2800
Facsimile: 215/864-2810